UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

BRYANT DUANE GRIFFIN,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:16-278-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Bryant Duane Griffin is a federal prisoner who was recently confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Griffin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1, 4]. For the reasons set forth below, the Court will deny Griffin's petition.

In 2012, Griffin was convicted of being a felon possession of a firearm in violation of 18 U.S.C. § 922(g). The maximum sentence for this offense is usually 10 years in prison. *See* 18 U.S.C. § 924(a)(2). However, the United States District Court for the District of Minnesota determined that Griffin had at least three previous convictions for either a violent felony or a serious drug offense that were committed on occasions different from one another. As a result, Griffin was subject to a mandatory minimum sentence of 15 years in prison pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Ultimately, the district court sentenced Griffin to 240 months in prison. *See United States v. Bryant Griffin*, No. 0:12-cr-123 (D. Minn. 2013).

Griffin challenged his sentence on direct appeal, but the United States Court of Appeals for the Eighth Circuit affirmed his sentence. *See id.* at R. 89. Griffin then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and he argued, among other things, that the ACCA

enhancement under § 924(e) did not apply to him. *See id.* at R. 98. In response, the Government conceded that one of Griffin's prior convictions did not qualify as a predicate offense under the ACCA. *See id.* at R. 101 at 6. Nevertheless, the Government argued that Griffin had three other prior convictions that did qualify as valid predicate offenses. *See id.* at R. 101 at 6-7. The district court agreed with the Government, concluded that Griffin's sentence was properly enhanced, and denied his § 2255 motion. *See id.* at R. 102 at 2-3. It does not appear that Griffin appealed that decision; instead, he later asked the Eighth Circuit to allow him to file a second or successive § 2255 motion, and the court denied that request. *See Bryant Griffin v. United States*, No. 16-2169 (8th Cir. 2016).

Griffin has now filed a § 2241 petition with this Court, and he again argues that he did not have enough predicate offenses to qualify for an enhanced sentence under the ACCA. [R. 1]. Specifically, Griffin claims that some of his prior "drug convictions no longer qualify as . . . serious drug offenses pursuant to . . . § 924(e)." [R. 1-1 at 1]. Thus, Griffin asks the Court to "vacate [the] Armed Career Criminal enhancement" and order that he be resentenced. [R. 1 at 8].

Griffin's § 2241 petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Griffin cannot use a § 2241 petition as a way of challenging his sentence.

2

Griffin nevertheless argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition. [R. 1]. Although the Sixth Circuit has historically said that the opposite is true, *see, e.g., Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012), Griffin suggests that the Sixth Circuit changed this rule last year in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and now allows petitioners to attack their sentence enhancements under § 2241.

In *Hill*, the Sixth Circuit recognized that it had previously said, on numerous occasions, that petitioners may *not* challenge their sentence enhancements under § 2241. *Hill*, 836 F.3d at 596 n.4 (citing multiple cases). The court, however, indicated that an individual could now challenge his sentence enhancement in a § 2241 petition under certain, very limited circumstances. *See id.* at 595. The court explained:

> When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

*Id.*

The court then applied this test to Hill, who was claiming that his Maryland second-degree assault conviction was not a valid predicate offense for purposes of a career offender enhancement under the old mandatory sentencing guidelines. *See id.* at 595-99. The court determined that Hill passed the test. *See id.* Notably, the Government conceded that the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013)—which discussed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the ACCA—was a case of statutory interpretation that was new and retroactive and could not have been invoked in the petitioner's initial § 2255 motion. *See id.* at 595-96. The Government further conceded that, in light of *Descamps* and a Fourth Circuit case, a Maryland conviction for second-

3

degree assault no longer constituted a valid predicate offense for purposes of the career-offender enhancement. *Id.* The Sixth Circuit accepted these concessions and then determined that Hill's sentence enhancement constituted a fundamental error. *See id.* at 599. Thus, the court concluded that Hill's petition was properly brought under § 2241. *Id.* at 600.

The crux of the *Hill* decision therefore is that *Descamps* is a case of statutory interpretation that is new and retroactive. *Id.* at 595-66. But in *Descamps* itself, the Supreme Court never wrote that it was creating a new rule, let alone a retroactive one. *See Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("That is the job, as we have always understood it, of the modified approach."). And, more importantly, the Sixth Circuit itself previously said in a published decision that *Descamps* is actually an old rule. Indeed, in 2014, the Sixth Circuit specifically stated that "[t]he Supreme Court in *Descamps* explained that it was *not* announcing a new rule, but was simply reaffirming [an existing] approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (emphasis added). Thus, the basis for the Sixth Circuit's decision in *Hill*—that *Descamps* is a case of statutory interpretation that is new and retroactive—is contrary to an earlier published panel decision from the same court. Under the law, the Sixth Circuit's earlier decision remains binding on this Court. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("A published prior panel decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." (quotation marks and citation omitted)). Accordingly, Griffin's reliance on *Hill* and *Descamps* is unavailing.[1]

---

[1] Griffin also does not satisfy *Hill*'s three-part test by relying on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). That is because *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. After all, the Supreme Court gave no indication in *Mathis* that it was announcing a new

4

That said, even if Griffin could satisfy *Hill*'s three-part test set forth above, the Sixth Circuit made it clear that its decision only applies to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)." *Hill*, 836 F.3d at 599-600. Since the district court sentenced Griffin in 2013, well after the Supreme Court decided *Booker*, his petition clearly falls outside of *Hill*'s narrow confines. As a result, Griffin cannot take advantage of § 2255(e)'s savings clause.

Accordingly, it is hereby **ORDERED** as follows:

1. Griffin's petition for a writ of habeas corpus [R. 1, 4] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated August 30, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

rule, let alone intended for that rule to be applied retroactively to cases on collateral review. If anything, the Court indicated that the opposite was true, saying that it's "precedents make this a straightforward case" and adding that the result was dictated by "more than 25 years" of Supreme Court case law. *Mathis*, 136 S. Ct. at 2257.